IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Linda G. McKnight, ) | |
| ) | C/A No. 0:04-1646-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Jo Anne B. Barnhart, ) | **ORDER** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**INTRODUCTION**

Plaintiff Linda G. McKnight brings this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, codified as amended at 42 U.S.C. §§ 405(g) and 1383(c)(3), respectively, to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation. On February 25, 2005, the Magistrate Judge filed a Report and Recommendation in which he found that the Commissioner's decision was supported by substantial evidence. The Magistrate Judge recommended that the Commissioner's decision be affirmed. On March 8, 2005, Plaintiff filed Exceptions to the Magistrate's Report and Recommendations ("Plaintiff's Objections"). Defendant did not submit a response to Plaintiff's Objections.

The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The district court may accept, reject, or modify, in whole

-1-

or in part, the Magistrate Judge's recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

## I. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitute the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157, 1157-58 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that h[er] conclusion is rational." Vitek, 438 F.2d

at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. Richardson v. Perales, 402 U.S. 389, 401 (1971).

## II. FACTS

The Magistrate Judge discussed in detail the facts of this case in his Report and Recommendation. This court will, however, provide a brief outline of the relevant facts.

On March 20, 2000, and again on July 8, 2002, Plaintiff applied for disability insurance benefits ("DIB"), based on a work-related back injury she received on January 6, 2000, when she slipped and fell on a wet floor. Plaintiff's applications were denied, and she did not appeal the decisions. On December 11, 2001, Plaintiff was again injured at work when a 12-year-old boy attacked her and threw her to the ground. On September 9, 2002, Plaintiff applied for Supplemental Security Income ("SSI"), alleging disability as of January 8, 2002, due to lumbar and cervical spine tenderness, cervical disc displacement, pain, headaches, numbness and weakness in her legs, and stiffness in her arms and neck. Her SSI application was denied initially and upon reconsideration. On July 8, 2003, a hearing was held before an Administrative Law Judge ("ALJ"). In a decision issued November 14, 2003, the ALJ found that Plaintiff was not disabled and denied Plaintiff's claim. On March 18, 2004, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review. See 42 U.S.C. § 405(g). Plaintiff filed a complaint with this court on May 24, 2004.

The court's review of the record as a whole demonstrates that the ALJ's historical factual

summary is accurate. Having carefully reviewed Plaintiff's medical and other records, the court concludes that the Commissioner's decision is supported by substantial evidence and that Plaintiff's objections are without merit.

### III. DISCUSSION

Plaintiff objects to the Report and Recommendation on the ground that the Magistrate Judge erred in failing to appropriately determine Plaintiff's residual functional capacity ("RFC") and the effects of her non-exertional limitations on her ability to engage in substantial gainful activity. Plaintiff's Objections at 2. Plaintiff explains that she suffers from a medical condition that can reasonably be expected to produce pain, and that her allegations of pain must be considered. Therefore, Plaintiff concludes that the record does not support the Commissioner's decision that Plaintiff is capable of light work. The court disagrees.

Plaintiff testified that she can sit comfortably for 15 minutes at a time, stand for 10 minutes at a time, and conduct housework. R. 40-42. William H. Cain, M.D., who reviewed Plaintiff's records, determined that Plaintiff could lift 50 pounds occasionally and 25 pounds frequently, stand and/or walk for six hours a day, sit for about six hours, and climb stairs. R. 265-66. Vocational expert Mark Meadows, Ph.D. gave several examples of jobs that Plaintiff could perform given her age, education, past relevant work experience, and RFC, which included chaperone/personal assistant, weight tester/measurer, food checker, and production line packager. R. 20. The court agrees with the Magistrate Judge's thorough discussion concluding that the medical findings of Drs. William Wilson, Don Stovall, and John Johnson support the ALJ's determination of an RFC of light and sedentary work. See Report and Recommendation at 4-6; see also R. 20.

Furthermore, the Magistrate Judge carefully considered Plaintiff's non-exertional

impairments, i.e., anxiety and depression, and accurately concluded that the ALJ was correct in finding that Plaintiff did not have any severe mental impairments. The record reflects that Plaintiff is taking Zoloft for depression, Risperdal for hallucinations, and Alprazolam for anxiety attacks, and that she received counseling from one mental health practitioner, psychologist Deborah Dowes. R. 36. However, Plaintiff sought counseling from Dr. Dowes for only two months, March to April 2003, and Dr. Dowes never offered a diagnosis of a mental condition. R. 273-77. There is no further evidence in the record supporting Plaintiff's claim of any severe mental impairment.

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff's allegations of limitations and pain lacked credibility. Plaintiff's Objections at 4. The court finds this objection to be without merit. Although medical evidence supports some complaints of pain, the court agrees with the ALJ that "the evidence does not support [Plaintiff's] allegations of the intensity and persistence of such pain and other symptoms." R. 18. As discussed above and in the Report and Recommendation, medical evidence does not show that Plaintiff suffered disabling pain, but instead that Plaintiff was physically capable of limited light work. See, e.g., R. 257-58 (reflecting Dr. Johnson's opinion that Plaintiff's symptoms of pain are "interesting," that Plaintiff has "a very odd presentation for intraspinal pain" and that "[t]here are very few processes which manifest [pain] in this respect"); R. 216 (stating that Ernest Zinkowski, M.D. diagnosed Plaintiff with "[l]ow back strain, resolving," "[m]ultiple soft tissue injury, resolving," and "[h]eadaches, resolving"); R. 227 (noting the discharge of Plaintiff from Dr. Wilson's care, without any work restrictions, and reporting that Plaintiff has "[f]ull strength in upper extremities, no sensory deficits, no long track signs in upper/lower extremities"). Furthermore, Dr. Stovall noted that during a June 19, 2002 examination, Plaintiff exhibited "very poor effort and submaximal voluntary effort." R. 200. The

court finds that Plaintiff has not established, with objective medical evidence, the existence of an underlying condition that could reasonably be expected to produce the pain alleged.  See Craig v. Chater, 76 F.3d 585, 593 (4th Cir. 1996).

## CONCLUSION

After reviewing the entire record, the applicable law, the briefs of counsel, the findings and recommendations of the Magistrate Judge, and Plaintiff's Objections, this court adopts the Report and Recommendation and incorporates it herein by reference.  For the reasons set out therein, the Commissioner's final decision in this case is **affirmed**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

July 25, 2005

Columbia, South Carolina